IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Ismail Dickerson,                          )    Case No.: 4:25-9932-JD-SVH
                                           )
                    Plaintiff,             )
                                           )
            v.                             )
                                           )    **ORDER AND OPINION**
Amy Neuschafer, City of Myrtle             )
Beach, and William A. Bryan, Jr.,          )
City Attorney,                             )
                                           )
                    Defendants.            )
                                           )

This matter is before the Court on the Report and Recommendation ("Report")

of United States Magistrate Judge Shiva V. Hodges (DE 31), issued pursuant to 28

U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending that

Defendants' motion to dismiss (DE 14) be granted and that Plaintiff Ismail

Dickerson's ("Plaintiff") pro se action be dismissed. Plaintiff has filed objections to the

Report (DE 38), and Defendants have filed a reply (DE 41). For the reasons below,

the Court adopts the Report and grants Defendants' motion.[1]

**A.    Background**

The Report sets forth the relevant factual allegations and governing legal

standards, which the Court incorporates herein by reference.

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a
final determination remains with the United States District Court. *See Mathews v. Weber*,
423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of
those portions of the Report and Recommendation to which specific objection is made. The
court may accept, reject, or modify, in whole or in part, the recommendation made by the
magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

In brief, Plaintiff is an inmate at the South Carolina Department of Corrections following his 2023 conviction for murder and a related weapons offense. This action arises from Plaintiff's allegations that the City of Myrtle Beach and two of its attorneys improperly handled requests for surveillance video submitted under the South Carolina Freedom of Information Act ("FOIA") after his conviction. Plaintiff contends that Defendants failed to disclose complete video evidence, redacted or altered materials, and otherwise violated his constitutional rights in connection with those requests.

Plaintiff further alleges that, after he complained about Defendants' conduct, one Defendant reported his communications to prison officials, which led to a search of his cell. He characterizes this search as retaliatory.

Plaintiff initially filed this action in state court, and Defendants removed the case to this Court. (DE 1.) Plaintiff thereafter filed an amended complaint asserting numerous federal and state claims, including claims under 42 U.S.C. § 1983 for alleged violations of his First Amendment and due process rights, a claim based on *Brady v. Maryland*, and various state-law tort claims. (DE 17.) At bottom, Plaintiff's claims stem from his contention that post-conviction access to allegedly exculpatory video evidence was improperly restricted and that Defendants retaliated against him for pursuing that information.

Defendants moved to dismiss the amended complaint under Rule 12(b)(6). The motion is fully briefed, and Plaintiff has also filed motions to amend and to appoint counsel. (DE 25, DE 28, DE 36, DE 40.)

**B.    Report and Recommendation**

The Magistrate Judge issued the Report on October 24, 2025. (DE 31.) The Report carefully and correctly reviewed Plaintiff's allegations and recommended that Defendants' motion to dismiss be granted in its entirety. (DE 31 at 28.)

As to Plaintiff's claims under 42 U.S.C. § 1983, the Magistrate Judge concluded that Plaintiff failed to plausibly allege any constitutional violation. Specifically, the Report found that Plaintiff's *Brady* claim fails because Plaintiff does not allege that any Defendant was involved in his prosecution or suppressed exculpatory evidence and fails to plausibly allege resulting prejudice. (DE 31 at 8–12.) The Report also concluded that Plaintiff's First Amendment claim, construed as a retaliation claim, fails because Plaintiff does not plausibly allege protected speech, an adverse constitutional injury, or a causal connection between Defendants' conduct and the alleged harm. (DE 31 at 12–14.)

The Report also determined that Plaintiff's procedural due process claim fails as a matter of law because there is no constitutional right to obtain information under FOIA, and Plaintiff fails to identify any protected liberty or property interest. (DE 31 at 14–15.) In addition, the Magistrate Judge concluded that Plaintiff's failure-to-train claim fails because Plaintiff alleges no facts demonstrating deliberate indifference, including any pattern of similar constitutional violations, and because no underlying constitutional violation is plausibly alleged. (DE 31 at 15–16.)

With respect to Plaintiff's claims against the City, the Report concluded that Plaintiff fails to state a claim for municipal liability under *Monell* because he does

3

not plausibly allege an unconstitutional policy or custom and fails to allege any predicate constitutional violation. (DE 31 at 17–18.) The Report likewise concluded that Plaintiff's civil conspiracy claim fails because Plaintiff does not plausibly allege an agreement or concerted action to deprive him of a constitutional right and, in any event, fails to establish an underlying constitutional violation. (DE 31 at 18–19.)

The Magistrate Judge also concluded that several of Plaintiff's § 1983 claims—including his *Brady*, due process, failure-to-train, and conspiracy claims—are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because success on those claims would necessarily imply the invalidity of Plaintiff's underlying conviction, which has not been overturned or otherwise invalidated. (DE 31 at 19–21.)

As to Plaintiff's state-law claims, including negligence-based claims, intentional infliction of emotional distress, and alleged violations of the South Carolina Rules of Professional Conduct, the Report found that such claims are barred by the South Carolina Tort Claims Act or otherwise fail as a matter of law. (DE 31 at 21–25.)

Finally, the Magistrate Judge denied Plaintiff's motions to amend, concluding that amendment would be futile, and denied Plaintiff's motions for appointment of counsel, finding that Plaintiff failed to demonstrate exceptional circumstances warranting such relief. (DE 31 at 25–28.)

Plaintiff filed objections to the Report on November 12, 2025. (DE 38.)

4

### C.     Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—*factual and legal*—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985)) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D.     Plaintiff's Objections

Plaintiff raises several objections to the Report. (DE 38.) The Court has carefully reviewed those objections and finds that many are non-specific, conclusory, or merely restate arguments previously presented to the Magistrate Judge. Such objections do not warrant de novo review and are reviewed only for clear error. *See Camby*, 718 F.2d at 199. To the extent Plaintiff raises specific objections, the Court addresses them below.

Plaintiff objects to the dismissal of his First Amendment retaliation claim, asserting that his complaints regarding the handling of his FOIA requests constitute

protected speech and that the subsequent search of his prison cell was retaliatory. However, as explained in the Report, Plaintiff fails to plausibly allege that his communications were protected speech, that he suffered an adverse constitutional injury, or that any Defendant caused the alleged harm. (DE 31 at 12–14.) Plaintiff also fails to plausibly allege that Defendants' actions were motivated by retaliatory animus, as opposed to legitimate concerns regarding prohibited inmate communications. Plaintiff's objections do not address these deficiencies and instead reiterate conclusory assertions. Plaintiff also fails to plausibly allege that Defendants' actions were motivated by retaliatory animus, as opposed to legitimate concerns regarding prohibited inmate communications. Accordingly, this objection is overruled.

Plaintiff also objects to the dismissal of his procedural due process claim, arguing that Defendants' handling of his FOIA requests violated his rights. (DE 38 at 3–5.) This objection lacks merit. As the Report correctly explains, there is no constitutional right to obtain information under FOIA, and Plaintiff fails to identify any protected liberty or property interest. (DE 31 at 14–15.) Plaintiff's objections do not cure these defects. To the extent Plaintiff attempts to recast his due process claim as arising from alleged retaliation rather than the denial of FOIA requests, that theory fails for the same reasons his First Amendment retaliation claim fails, as Plaintiff does not plausibly allege protected conduct, adverse action attributable to Defendants, or the requisite causal connection.

Plaintiff further challenges the dismissal of his *Brady* claim, contending that Defendants withheld exculpatory evidence. (DE 38 at 8.) However, Plaintiff does not plausibly allege that any Defendant was involved in his prosecution or suppressed evidence within the meaning of *Brady*, nor does he plausibly allege resulting prejudice. (DE 31 at 9–12.) To the extent Plaintiff's claims rest on alleged deficiencies in his criminal proceedings, they are not properly raised here. Moreover, Plaintiff's allegations concern post-conviction FOIA requests and do not plausibly implicate any disclosure obligations arising during his criminal proceedings.

Plaintiff also objects to the dismissal of his failure-to-train, municipal liability, and civil conspiracy claims, citing *City of Canton v. Harris*, 489 U.S. 378 (1989), for the proposition that a municipality may be liable where a failure to train amounts to deliberate indifference. (DE 38 at 5–6.) This objection is unavailing. While *Harris* recognizes that a failure to train may give rise to liability in limited circumstances, such liability exists only where the failure to train reflects deliberate indifference to constitutional rights and is the moving force behind a constitutional violation. *Id*. at 388–91.

As the Report correctly explains, Plaintiff alleges no facts demonstrating deliberate indifference, such as a pattern of similar constitutional violations or an obvious need for training and fails to plausibly allege any underlying constitutional violation. (DE 31 at 15–19.) Plaintiff's objections merely recite the legal standard without supplying supporting factual allegations. A municipality cannot be held

liable under § 1983 in the absence of an underlying constitutional violation. Accordingly, these claims were properly dismissed.

Plaintiff argues that *Heck* does not apply because he seeks damages for alleged retaliation and constitutional violations arising from Defendants' post-conviction conduct, rather than relief from his conviction itself. (DE 38 at 8.) The Court has considered this argument but agrees with the Magistrate Judge that several of Plaintiff's claims—particularly those premised on the alleged withholding or alteration of exculpatory evidence—would, if successful, necessarily imply the invalidity of his conviction. Although Plaintiff attempts to characterize his claims as independent of his conviction, his allegations repeatedly assert that the requested video evidence would have demonstrated his innocence or supported a self-defense claim. A judgment in his favor on those claims would therefore call into question the validity of his conviction, bringing them squarely within *Heck's* bar absent a favorable termination. Because Plaintiff has not shown that his conviction has been reversed, expunged, or otherwise invalidated, those claims are barred. To the extent Plaintiff asserts claims—such as his retaliation theory—that do not necessarily imply the invalidity of his conviction, those claims fail for the independent reasons outlined in the Report. Accordingly, to the extent *Heck* bars these claims, they are dismissed without prejudice on that basis; in the alternative, and independently, they fail for the reasons set forth.

To the extent Plaintiff objects to the dismissal of his state-law claims, those objections are likewise without merit. Plaintiff's contention that his claims sound in

"gross negligence" does not alter this conclusion. The South Carolina Tort Claims Act's immunity provisions, including S.C. Code Ann. § 15-78-60(4), apply to claims arising from the enforcement or non-enforcement of a law such as FOIA, regardless of whether Plaintiff characterizes the conduct as negligence or gross negligence. As explained in the Report, those claims are barred by the South Carolina Tort Claims Act or otherwise fail as a matter of law. (DE 31 at 21–25.)

Finally, Plaintiff objects to the denial of his motions to amend, arguing that the amendment would not be prejudicial and that it was sought, in part, to correct Defendants' identities. The Court finds no error in the Magistrate Judge's conclusion that the amendment would be futile. To the extent Plaintiff seeks only to correct the identity of a defendant, the caption has been amended to reflect the proper party, and any further amendment would not cure the substantive deficiencies identified in the Report.

With respect to Plaintiff's request for appointment of counsel (DE 36, DE 40), Plaintiff also asserts that a medical condition affecting his right hand limits his ability to write and litigate this action. The Court has considered this argument. That said, even in light of this assertion, Plaintiff has demonstrated the ability to present his claims and objections adequately, and the issues in this case are not so factually or legally complex as to constitute exceptional circumstances warranting the appointment of counsel. Accordingly, the Magistrate Judge properly denied this motion.

In sum, Plaintiff's objections either fail to specifically address the Magistrate Judge's reasoning or fail on the merits. The Court finds no basis to reject or modify the Report.

## E.    Conclusion

After a thorough review of the Report and the record, including Plaintiff's objections and Defendants' reply, the Court finds no clear error in the Magistrate Judge's analysis. The Court further finds that Plaintiff's specific objections lack merit upon de novo review. Accordingly, the Court adopts the Report (DE 31) and incorporates it herein by reference.

It is therefore ORDERED that Defendants' motion to dismiss (DE 14) is GRANTED.

Plaintiff's federal claims brought pursuant to 42 U.S.C. § 1983 are DISMISSED. To the extent any claims are barred by *Heck v. Humphrey*, such claims are DISMISSED WITHOUT PREJUDICE. All remaining federal claims are DISMISSED WITH PREJUDICE.

Plaintiff's state-law claims are DISMISSED WITH PREJUDICE.

Plaintiff's motions to amend (DE 17, DE 28) and motion for appointment of counsel (DE 25, DE 36, DE 40) are DENIED.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
April 2, 2026

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.